KEB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Rigoberto Maxima-Zavala,

Petitioner,

v.

Todd Blanche, et al.,

Respondents.

No. CV-26-04362-PHX-MTL

**ORDER**

On June 13, 2026, Petitioner Rigoberto Maximo-Zavala, who is represented by counsel, filed a Petition (Doc. 1) under 28 U.S.C. § 2241 challenging his immigration detention in the United States District Court for the Western District of Pennsylvania. Petitioner also filed an Emergency Motion for Temporary Restraining Order (Doc. 3). In a June 15, 2026 Memorandum Order (Doc. 6), the Western District of Pennsylvania court (1) granted the Motion in part by temporarily enjoining Respondents from removing Petitioner from the United States and ordering Respondents to confirm where Petitioner was detained on June 13, 2026, the date the Petition was filed; and (2) denied the Motion in all other respects.

On June 17, 2026, Respondents filed a Preliminary Response to the Petition, informing the Western District of Pennsylvania that Petitioner was transferred to Florence Service Processing Center in Arizona. (Doc. 9 at 2.) The Western District of Pennsylvania court issued a June 18, 2026 Memorandum Order finding that the court lacked jurisdiction over the Petition, transferring the case to this Court, and vacating the June 15, 2026

Memorandum Order.  (Doc. 10.)  The Court will deny the Motion for Temporary Restraining Order and the Petition and dismiss this action.

## I.       Petition

Petitioner is a native and citizen of Mexico.  (Doc. 1 at 9.)  He entered the United States in 2002 and has resided continuously in the United States for nearly 24 years.  (*Id.*)  On an unspecified date, Immigration and Customs Enforcement detained Petitioner, and he was placed in removal proceedings.  (*Id.*)

This is Petitioner's second petition challenging his current immigration detention.  (Doc. 1 at 10; Doc. 5 at 1.)  A prior court granted the previous petition and ordered that Petitioner be provided an individualized bond hearing.  (Doc. 1 at 10.)  Pursuant to that court's Order, a bond hearing was conducted before an immigration judge (IJ), and bond was denied.  (*Id.*)  On April 14, 2026, the IJ ordered Petitioner's removal.  (*Id.* at 9.)  Petitioner's May 12, 2026 appeal of the IJ's decision to the Board of Immigration Appeals (BIA) remains pending.

Petitioner states "he does not seek in this petition to relitigate the prior bond determination on the same record or the same legal basis"; rather, he raises distinct claims: "(a) that § 1225(b)(2)(A) does not apply to Petitioner as a matter of law and that any bond hearing conducted under that framework . . . was legally defective; [and] (b) that Petitioner is entitled to a bond hearing under § 1226(a) at which the Government bears the burden of demonstrating by clear and convincing evidence that he is a danger or flight risk."  (*Id.*)  He seeks release from custody or a second bond hearing.

## II.      Discussion

This Court has held that, under § 1225(a), any alien who enters the United States illegally, who has not been previously lawfully admitted, is "deemed for purposes of this chapter an applicant for admission" under 8 U.S.C. § 1225(a)(1).  *See Chavez v. Noem*, 819 F. Supp. 3d 958, 959-61 (D. Ariz. 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1132-38 (8th Cir. 2026) (concluding that an alien detained in the interior is subject to mandatory detention, reasoning in part

that for an alien to have been "admitted" for purposes of § 1225, the alien must have "made a lawful entry into the country," rather than "merely being present in the United States," and agreeing with the Fifth Circuit that an alien seeks admission "so long as he is present in the United States and has not been admitted," "regardless of whether he takes any further affirmative steps to gain admittance" (citation modified)).

Further, an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Lopez v. Noem*, No. CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).

Based on Petitioner's allegations, the Court finds that Petitioner is present without having been admitted and is therefore treated as an applicant for admission under 8 U.S.C. § 1225(a)(1).  The Court further finds that an immigration officer has not determined Petitioner clearly and beyond a doubt is entitled to be admitted, and therefore mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies to Petitioner as a matter of law. Accordingly, the Court rejects Petitioner's argument that any bond hearing conducted under § 1225(b)(2)(A) is "legally defective" and finds that Petitioner is not entitled under the Immigration and Nationality Act to a bond hearing or release from custody under 8 U.S.C. § 1226(a) or the Due Process Clause.  The Petition will therefore be denied.

**III.    Emergency Motion for Temporary Restraining Order**

Whether to grant or deny a motion for a temporary restraining order is within the Court's discretion.  *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132-33 (9th Cir. 1979).  "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction."  *Whitman v. Hawaiian Tug & Barge Corp./Young Bros., Ltd. Salaried Pension Plan*, 27 F. Supp. 2d 1225, 1228 (D. Haw. 1998).  To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 21 (2008).  The moving party has the

burden of proof on each element of the test. *Env't Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Because the Court has denied the Petition, the Court finds that Petitioner has not carried his burden to show he is likely to succeed on the merits. Further, as Petitioner himself notes, his removal is automatically stayed during the pendency of his appeal to the BIA.[*] Accordingly, the Court will deny without prejudice the Emergency Motion for Temporary Restraining Order.

**IT IS ORDERED:**

(1)    The Emergency Motion for Temporary Restraining Order (Doc. 3) is **denied without prejudice**.

(2)    Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 2nd day of July, 2026.

*Michael T. Liburdi*
_____
Michael T. Liburdi
United States District Judge

---

[*] *See* 8 C.F.R. § 1003.6(a) ("Except as provided in this section, the filing of an appeal . . . shall stay the execution of any decision made in the case."); 8 U.S.C. § 1229a(c)(5) (order of removal is final upon dismissal of appeal or expiration of time to appeal).